IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **NICHOLAS BARTON,** | § |
| | § |
| Plaintiff, | §   Civil Action No. |
| | § |
| v. | § |
| | §   <u>**Jury Trial Demanded**</u> |
| **DIVERSIFIED CONSULTANTS, INC.** | § |
| | § |
| Defendant. | § |
| | § |

## **COMPLAINT**

NICHOLAS BARTON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## **JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising

under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Bedford, Texas 76021.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant is a national debt collection company with its corporate headquarters located at 10550 Deerwood Park Boulevard, Ste. 309, Jacksonville, Florida 32256.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11. Debt collection is the principal purpose of Defendant's business.

12. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

14. Beginning in or around August 2017 and continuing through September 2017 Defendant repeatedly and continuously called Plaintiff on his cellular telephone seeking and demanding payment for an alleged debt that was primarily incurred for personal, family, or household purposes.

15. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

16. Plaintiff knew that Defendant was using an automated telephone dialing system and/or pre-recorded voice as the calls began with a noticeable delay or pause before connecting to Defendant's collectors.

17. Frustrated by the repeated calls, Plaintiff told Defendant in August 2017 to stop calling.

18. Plaintiff reiterated this request for calls to cease on numerous occasions.

19. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making additional calls, nor was there any good faith reason to place calls.

20. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

21. Despite of Plaintiff's demands to stop calling, Defendant persisted in calling Plaintiff through late September 2017.

22. Defendant's additional collection calls were upsetting, annoying and aggravating, particularly when Defendant contacted Plaintiff while he was traveling on business or working.

23. Disgusted by Defendant's harassing, repeated calls, Plaintiff downloaded a blocking application onto her cell phone in order to stop Defendant's relentless collection calls.

24. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
### DEFENDANT VIOLATED §1692 d and d(5) OF THE FDCPA

25. A debt collector violates § 1692 d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. A debt collector violates § 1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

27. Here, Defendant violated § 1692d and 1692d(5) of the FDCPA by placing repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint knowing that its calls were unwanted.

## COUNT II
### DEFENDANT VIOLATED THE TCPA

28. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

29. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

30. Defendant's calls to Plaintiff were not made for "emergency purposes."

31. Defendant's calls to Plaintiff on and after August 2017 were not made with Plaintiff's prior express consent.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, NICHOLAS BARTON, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

h. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, NICHOLAS BARTON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: August 31, 2018

By: *Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com